Demurjian v Demurjian (2021 NY Slip Op 00008)





Demurjian v Demurjian


2021 NY Slip Op 00008


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Webber, J.P., Singh, Kennedy, Shulman, JJ. 


Index No. 154345/15 Appeal No. 12786 Case No. 2020-02860 

[*1]David Demurjian, et al., Plaintiffs-Respondents,
v
Michael Demurjian, etc., Defendant-Respondent, 187 Street Mazal Manager LLC, Defendant/Cross-Claim Plaintiff- Appellant, 661 West 187 Street LLC, Cross-Claim Defendant-Respondent.


Solomon & Siris, P.C., Garden City (Bill Tsevis of counsel), for appellant.
Davidoff Hutcher & Citron LLP, New York (Josh Krakowsky of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered August 9, 2019, which, insofar as appealed from as limited by the briefs, granted the motion of defendant Michael Demurjian (Michael) and cross-claim defendant 661 West 187 Street LLC (661 West) to dismiss defendant/cross-claim plaintiff 187 Street Mazal Manager's (Mazal) first cross claim for indemnification/contribution and third cross claim for fraud, unanimously affirmed, without costs.
By a Purchase Agreement dated as of September 24, 2012, Mazal purchased six parcels of property in Upper Manhattan from Michael and 661 West, which Michael part-owned. Plaintiffs brought this action asserting a partial ownership interest in the parcels and seeking a judgment voiding the conveyances to Mazal.
For its second cross claim for breach of contract and third cross claim for fraud, Mazal claims identical quanta and measures of damages. Since the claimed fraud damages are identical both in means of calculation and amount to the claimed contract damages, "the fraud claim is duplicative and must be dismissed" (MBIA Ins. Corp. v Credit Suisse Sec. [USA] LLC, 165 AD3d 108, 114 [1st Dept 2018]). This is so even though Mazal also demands an additional category of punitive damages for the fraud claim (see id. at 115). We note that, Michael's contentions notwithstanding, the motion court did not strike Mazal's requests for punitive damages.
Mazal's first cross claim for indemnification arises from the same facts and again seeks the same damages as Mazal's second cross claim for breach of contract. Indeed, if Mazal is ultimately entitled to indemnification from Michael, it can only be because Michael breached the Purchase Agreement. Accordingly, the indemnification cross claim should be dismissed as duplicative of the breach of contract cross claim (see Best v Law Firm of Queller & Fisher, 278 AD2d 441, 442 [2d Dept 2000], cert denied 534 US 1080 [2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021